## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

VALBONA BERISHA,
               Appellant,

      v.

UNITED STATES POSTAL SERVICE,
               Agency.

DOCKET NUMBER
PH-0752-19-0325-I-1

DATE:  May 28, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Thomas Tierney</u>, Norwalk, Connecticut, for the appellant.

<u>Ingrid Merritt</u>, Windsor, Connecticut, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the agency's demotion action based on the charge of unacceptable conduct.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## We decline to consider the appellant's untimely objection to the administrative judge's ruling denying her requested witnesses.

On petition for review, the appellant argues that the administrative judge improperly denied her requested witnesses. Petition for Review (PFR) File, Tab 1 at 1, Tab 2 at 2, Tab 9 at 4-7. In the Order and Summary of Second Prehearing Conference, the administrative judge denied two of the appellant's requested witnesses because she determined that the appellant's cumulative offer of proof did not demonstrate they had knowledge relevant to the issues in the appeal. Initial Appeal File (IAF), Tab 19 at 3. The appellant challenges this ruling regarding one of the disallowed witnesses, claiming that he would have provided testimony relevant to specification 4 of the agency's charge and to the credibility of the agency's witnesses.[2] PFR File, Tab 9 at 4-7. However, despite having been advised that she could object to the administrative judge's summary within 5 days of the order, the appellant, who was represented by an attorney, did not do so. IAF, Tab 19 at 1, 3-4. Further, the appellant's attorney did not raise any objection at the hearing to the administrative judge's witness ruling. IAF, Tab 21, Hearing Compact Disc (HCD). We find that the appellant's failure to

---

[2] The appellant has resubmitted a handwritten statement signed by the disallowed witness. PFR File, Tab 9 at 9; IAF, Tab 13 at 8.

timely object to the administrative judge's witness ruling precludes her from raising any such objection on review. *See, e.g.*, *Germino v. Department of Defense*, 61 M.S.P.R. 683, 690 (1994) (declining to consider the appellant's untimely objection on review to the administrative judge's ruling denying his witnesses), *aff'd*, 52 F.3d 345 (Fed. Cir. 1995) (Table); *Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988) (finding that the appellant's failure to object at the hearing to the administrative judge's witness rulings precluded him from raising such an objection on petition for review); *see also Christensen v. Department of Health and Human Services*, 11 M.S.P.R. 209, 211 (1982) (finding that the appellant was responsible for the actions or inactions of her designated representative who failed to renew her requests for witnesses during the hearing).

We discern no reason to disturb the initial decision based on the appellant's claim of an "accountability" issue in the office regarding stamps.

In addition, the appellant claims that the administrative judge did not allow her to discuss an "accountability" issue that allegedly concerned a Sales and Service Associate providing express stamps to the Postmaster for 1 year. PFR File, Tab 1 at 1, Tab 2 at 2. The appellant further claims that she was "set up" by the Postmaster and the clerks to cover up this accountability issue in the office. PFR File, Tab 2 at 2. Contrary to the appellant's assertions on review, the administrative judge allowed the appellant to testify regarding her suspicion of an accountability issue, even asking her clarifying questions on the issue. HCD (testimony of the appellant). Further, the administrative judge acknowledged the appellant's testimony on the issue in the initial decision, but she found it immaterial because the appellant admitted she had no proof to support her suspicion. ID at 6 n.1, 8. To the extent the appellant believes the administrative judge improperly limited her testimony on the accountability issue, she does not specify what additional testimony she would have provided and how it would have affected the outcome of the appeal. *See Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 4 (2011) (finding that the appellant failed to prove that the

administrative judge abused her discretion in excluding evidence by making the required showing that the disallowed evidence would have affected the outcome of the appeal). Thus, we discern no abuse of discretion by the administrative judge or a reason to disturb the initial decision.

We discern no reason to disturb the administrative judge's credibility determinations.

The appellant further argues on review that, in determining that the Postmaster's testimony was more credible than her own testimony, the administrative judge failed to consider that the Postmaster allowed the appellant to continue working at the postal facility for several weeks after the alleged misconduct occurred and before placing her on administrative leave. PFR File, Tab 1 at 1, Tab 2 at 2, Tab 9 at 7-8; ID at 4-6, 8-9; IAF, Tab 7 at 23. In addition, the appellant claims that the Postmaster's actions described above were in violation of the agency's own policies. PFR File, Tab 1 at 1, Tab 2 at 2, Tab 9 at 7-8.

Even assuming, without deciding, that the Postmaster violated the agency's policies as the appellant alleges, we discern no reason to disturb the administrative judge's credibility determinations. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The Board may overturn such determinations only if it has "sufficiently sound" reasons for doing so. *Id.* Here, the administrative judge heard live testimony and found the appellant's testimony less credible than the Postmaster's testimony based, in part, on the appellant's demeanor. ID at 4-6, 8-9. Further, the unrebutted record reflects that the Postmaster reported the appellant's alleged misconduct to the U.S. Postal Inspection Service and to upper management within at least 2 days after such misconduct. IAF, Tab 7 at 17, 25, Tab 15 at 6. Thus, we do not agree with the appellant's claim that the

Postmaster's actions should undermine his credibility. PFR File, Tab 9 at 7-8. Based on the foregoing, we find that the appellant's allegations do not provide a sufficiently sound reason to overturn the administrative judge's demeanor-based credibility determinations. *See Rapp v. Office of Personnel Management*, 108 M.S.P.R. 674, ¶ 13 (2008) (observing that the Board may overturn demeanor-based credibility determinations when the administrative judge's findings are incomplete, inconsistent with the weight of the evidence, and do not reflect the record as a whole).

Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: 
*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.